CABINET FOR HUMAN RESOURCES,
Appellant,

v.

Robert Eugene ROGESKI, Joseph Edwin
Rogeski and Robert Eugene Riley,
Appellees.

No. 94–SC–669–DG.

Supreme Court of Kentucky.

July 6, 1995.

Publication Ordered Nov. 22, 1995.

Terry L. Morrison, Angela M. Ford, Frankfort, for Appellant.

William G. Knoebel, Florence, for Robert E. Rogeski.

John W. Foote, Guardian Ad Litem, Florence, for Robert E. Riley and Joseph E. Rogeski.

## OPINION OF THE COURT

Following an evidentiary hearing, by separate orders of the Boone Circuit Court entered July 12, 1993, the trial court terminated the parental rights of the appellee, Robert E. Rogeski, with regard to two infant children: Joseph Edwin Rogeski, a male born on November 29, 1982, and Robert Eugene Riley ("Robbie"), a male born January 25, 1979. Robert E. Rogeski was the legal father of Joseph, and the putative father of Robbie. These same orders terminated the parental rights of the mother and of Randy R. Riley, the legal father of Robbie. Neither has appealed and their rights are not at issue in this case.

The trial court's orders further vested full care, custody and control of the two infant children in the Cabinet for Human Resources, and at present they appear to be cared for in an appropriate manner.

Rogeski has been in prison in Ohio since 1986 for the rape of the half-sister of the two children presently involved. He is serving a sentence of five to 25 years and has already failed to make parole at least once. Rogeski's principal argument in the Court of Appeals was that there was no substantial evidence produced at trial that he abandoned, abused or neglected these two children as required by KRS 625.090(2) to sustain involuntary termination of his parental rights. He relies principally on the case of *J.H. v. Cabinet for Human Resources*, Ky.App., 704 S.W.2d 661, 663 (1985), in which the Court of Appeals stated in pertinent part "[i]ncarceration alone can never be construed as aban-

donment as a matter of law." The Court of Appeals stated, "abandonment is a matter of intent which may be proved by external facts and circumstances," but standing alone it would make "servicemen, prisoners of war, ship captains, or persons requiring prolonged hospitalization ... likely candidates to have their parental rights terminated." *Id.*

Citing this case the Court of Appeals concluded that Rogeski's "incarceration is the only factor supporting the termination of his rights; as such, the order cannot stand."

We disagree, and reverse.

 Although incarceration for an isolated criminal offense may not constitute abandonment justifying termination of parental rights, incarceration is a factor to be considered, particularly so in a case such as this because KRS 625.090(2)(b) specifies that "acts of abuse or neglect toward any child in the family" is a factor that circuit courts shall consider in determining the best interest of the child who is the subject of the termination action. Further, there was evidence here that the incarcerated parent never contributed to the economic well-being of the family while he was with them as well as after the commission of the offense which caused the incarceration. The children's mother testified he didn't work and wouldn't look for work. Rogeski's performance as a father was grossly inadequate aside from considerations involving his incarceration. The findings of the trial court were that Rogeski has "continuously or repeatedly failed or refused to provide or [has] been substantially incapable of providing essential parental care and protection for the child," that "there is no reasonable expectation of improvement in parental care and protection," and that Rogeski, along with the other two parents whose rights were terminated, "for reasons other than poverty alone, have continuously or repeatedly failed to provide or are incapable of providing essential food, clothing, shelter, medical care or education reasonably necessary and available for the child's well-being and there is no reasonable expectation of significant improvement."

All of these findings were supported by evidence sufficient to satisfy the requirement of "clear and convincing evidence" (KRS 625.090) before parental rights may be involuntarily terminated. Indeed, there was no substantial evidence to the contrary. The conditions the children were being subjected to prior to these proceedings were intolerable. The argument that some sort of treatment plan short of involuntary termination and care as provided by CHR was or is a viable alternative is unsupported speculation. The Cabinet for Human Resources acted properly in seeking termination of parental rights.

The decision of the Court of Appeals is reversed. The judgment of the trial court is reinstated.

All concur except LAMBERT, J., who concurs in result only.